UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA L. B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C26-5336-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ erred by misevaluating the medical evidence and his symptom testimony. Dkt. 16. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 51 years old, has a high school education, and has worked as a pipe fitter. Tr. 598. He applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) in July 2020, alleging disability as of August 28, 2014. His date last insured for purposes of his DIB claim was December 31, 2018. Tr. 580. His applications were denied initially and on reconsideration. ALJ John Michaelsen conducted a hearing and issued a decision in February 2022 finding Plaintiff not disabled. Tr. 641-54. The Appeals Council denied Plaintiff's request for review, and Plaintiff appealed to this Court. Tr. 660-62. On April 22, 2024, this Court reversed ALJ Michaelsen's decision and remanded for further proceedings. Tr. 666-79. ALJ S. Pines held two hearings in February and July 2025 and issued a decision finding Plaintiff not disabled. Tr. 578-600. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since August 28, 2014.

**Step two:** Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; bilateral knee osteoarthritis; degenerative joint disease of the right shoulder; and insomnia.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work except he can stand and walk a combined total of three hours and sit for five hours; he can frequently push and pull; he can never reach overhead, but can frequently reach in all other directions; he can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, and crawl; he can never crouch or squat; he can have no exposure to hazards or vibration; and he can have occasional exposure to extreme temperatures and pulmonary irritants.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

**Step four:** Plaintiff cannot perform his past work as a pipe fitter.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 581, 583, 598-99.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The Court may not reverse the ALJ's decision if an error is harmless. *Id.* at 1111. The Court may neither reweigh evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold that of the Commissioner. *Id.*

### A. Medical Evidence

For claims filed after March 27, 2017, ALJs must articulate the persuasive value of every medical opinion in the claim and explain how they considered supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). These regulations supplant the hierarchy governing the weight the ALJ must give medical opinions and the requirement the ALJ provide specific and legitimate reasons to reject a treating doctor's opinion. *Woods v. Kijakazi,* 32 F.4th 785, 792 (9th Cir. 2022). An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

#### 1. Krista Letsch, PA-C

Following his work injury in August 2014, Ms. Letsch restricted Plaintiff to "light duty" work and filled out work release forms releasing Plaintiff to work consistent with a reduced

range of sedentary work. Tr. 998, 1001, 1006, 1057. Ms. Letsch opined Plaintiff could sit constantly; occasionally stand and walk; never perform work from a ladder, climb a ladder, or crawl; and seldom climb stairs, bend, stoop, squat, or kneel. Tr. 1057. The ALJ found Ms. Letsch's opinion Plaintiff could do "light duty" work too vague to have any utility. Tr. 596. The ALJ also noted the work release letters were offered in a checkbox form without supporting analysis or explanation and were thus vague and not well supported. *Id.*

An ALJ may consider the quality of an explanation when determining what weight to give a medical opinion, *Ford v. Saul,* 950 F.3d 1141, 1155 (9th Cir. 2020), and need not accept an opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Thomas,* 278 F.3d at 957. While the ALJ cannot reject an opinion solely because it is expressed on a check-box form, "[a]n ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Molina,* 674 F.3d at 1111. Plaintiff argues Ms. Letsch's opinion about his standing and walking limitations is well supported by her clinical findings. Dkt. 16 at 5. Plaintiff fails to address the ALJ's supportability findings related to the quality of the explanation and has thus waived this argument. *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (finding arguments not made in opening brief are waived).

The ALJ also found Ms. Letsch's opinions inconsistent with the record indicating intact strength in the lower extremities and a lack of gait abnormality or muscle atrophy. Tr. 596. Plaintiff argues Ms. Letsch's opinion is reasonably consistent with Dr. Steven's opinion. Dkt. 16 at 5. Plaintiff does not explain his argument further nor does he address the ALJ's findings regarding strength, gait, and muscle atrophy. Accordingly, Plaintiff has failed to establish error. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("a bare assertion of an

issue does not preserve a claim."). The Court thus affirms the ALJ's findings regarding Ms. Letsch's opinion.

**2. William McCreight, M.D.**

Dr. McCreight did not provide a medical opinion and thus the AJC had no opinion to weigh. Plaintiff summarizes treatment notes from Dr. McCreight and other providers and argues the ALJ failed to acknowledge that this evidence provided an objective evidentiary basis for Plaintiff's testimony. Dkt. 16 at 5-7. But Plaintiff's argument is framed as challenge to a medical opinion and as to this argument, Plaintiff fails to establish any legal error.

**3. Mark Stevens, M.D.**

Dr. Stevens testified as a medical expert at Plaintiff's July 2025 hearing. Tr. 630-32. The ALJ found Dr. Stevens' opinion persuasive but discounted some of the limitations the doctor assessed. Tr. 597. Dr. Stevens opined Plaintiff could stand for a total of two hours and walk one to two hours in a workday but was limited to standing or walking 30-60 minutes at a time. Tr. 631-32. However, the ALJ limited Plaintiff to a combined total of three hours standing and walking and did not find limitations in terms of how long Plaintiff could stand or walk at one time. Tr. 597. Additionally, Dr. Stevens limited Plaintiff to occasional kneeling, but the ALJ found no kneeling limitations. *Id.* Plaintiff argues the ALJ improperly acted as a medical expert and substituted his lay opinion for that of Dr. Stevens. Dkt. 16 at 8.

The RFC need not mirror any particular medical opinion. *Turner v. Comm'r of Soc. Sec. Admin.,* 613 F.3d 1217, 1222-23 (9th Cir. 2010). And while the ALJ may not act as his own medical expert, "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). If

the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion (or portions of it) were not adopted. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

Here, the ALJ explained the RFC limitation of three hours combined standing and walking accommodates Plaintiff's limitations. Tr. 597. Any error in not fully adopting Dr. Stevens' opinion as to how long Plaintiff could stand or walk at one time would be harmless, as the VE specified that the three jobs that she identified were amenable to a sit stand option, "so basically, they can sit as needed and stand as needed and while remaining at the workstation." Tr. 634-35. Thus, such jobs would still be available even if the ALJ adopted Dr. Steven's limitation of standing and walking for 30-60 minutes at a time. *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006) (finding an error harmless where it is "irrelevant to the ALJ's ultimate disability conclusion."). Regarding Dr. Stevens' kneeling limitation, the ALJ found the record showed Plaintiff's knees were stable on exam and did not reflect any kneeling limitations. Tr. 597. Similarly, any error here would be harmless, as none of the jobs identified by the VE required any amount of kneeling. *See* DOT 211.462-010 (cashier II); DOT 208.685-010 (collator operator); 706.684-022 (small products assembler I).

Plaintiff contends the ALJ's failure to provide a copy of his testimony to Dr. Stevens violated the ALJ's duty to fully and fairly develop the record. Dkt. 16 at 8. Plaintiff cites no authority to support his argument. In his reply brief, Plaintiff argues HALLEX HA 01260.070 requires the ALJ to summarize the testimony for a testifying medical expert if the ME was not present to hear the testimony. Dkt. 20 at 5. Plaintiff's argument fails for two reasons. First, arguments raised for the first time in a reply brief are waived. *United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006). Second, HALLEX is an agency interpretation that does not impose judicially enforceable duties on either this Court or the ALJ. *Lockwood v. Comm'r Soc.*

*Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010). Failure to provide Dr. Stevens with a summary of Plaintiff's testimony was not reversible error. *Virgil C.H. v. Kijakazi,* 2023 WL 8784955, at *12 (D. Alaska Dec. 19, 2023).

In sum, the ALJ did not err in his evaluation of the medical evidence.

**B. Plaintiff's Testimony**

The ALJ did not find malingering and was thus required to articulate "clear and convincing reasons" to reject Plaintiff's testimony. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's reasons "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony." *Brown-Hunter v. Colvin,* 806 F.3d 487, 493 (9th Cir. 2015); *see also Laborin v. Berryhill,* 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify which testimony the ALJ found not credible and explain which evidence contradicted that testimony). General findings and conclusory statements without supporting evidence are thus insufficient. *Brown-Hunter,* 806 F.3d at 494.

First, Plaintiff argues because the ALJ failed to properly evaluate the objective medical evidence, he could not have properly evaluated Plaintiff's testimony. This argument fails as the ALJ did not err in evaluating the medical evidence. *See supra.* Next, Plaintiff challenges the ALJ's decision as contrary to the Ninth Circuit's decision in *Brown-Hunter,* arguing the ALJ provided a summary of medical evidence in support of his RFC determination instead of clear and convincing reasons to reject Plaintiff's testimony. Dkt. 16 at 9. As discussed below, the ALJ offered specific reasons for rejecting Plaintiff's testimony and thus did not rely only on a summary of medical evidence.

**1. Fatigue**

The ALJ discounted Plaintiff's complaints of fatigue due to pain because Plaintiff did not complain of such fatigue to providers, no provider prescribed medication for fatigue such as Cogentin, and no provider referred Plaintiff to pain medicine for treatment of chronic pain. Tr. 594. Failure to report symptoms to providers can be a clear and convincing reason to discount a claimant's testimony. *See Greger v. Barnhart,* 464 F.3d 968, 972 (9th Cir. 2006). However, it is unclear why the ALJ would expect any provider to prescribe Cogentin for fatigue, as Cogentin is an anticholinergic medication used to treat symptoms of Parkinson's disease such as stiffness or tremors.[3] Further, the failure to refer Plaintiff to pain medicine does not mean Plaintiff's providers were not treating his pain.

**2. Difficulty Completing Tasks & Concentrating**

The ALJ discounted Plaintiff's reports that he had difficulty completing tasks and concentrating due to pain because the record reflected normal cognition, and no provider noted any cognitive deficits. Tr. 594. Plaintiff argues his insomnia, fatigue, pain, and medication side effects could reasonably be expected to cause impaired concentration. Dkt. 16 at 10. While this may be true, there is no evidence in the record to support these claims, and the ALJ is not required to accept a claimant's testimony at face value. *Orn v. Astrue,* 495 F.3d 625, 635 (9th Cir. 2007). And while an ALJ may not discredit a claimant's symptom testimony solely because the degree of symptoms alleged is not supported by objective medical evidence, *Smartt v. Kijakazi,* 53 F.4th 489, 494-95 (9th Cir. 2022), the ALJ has provided several other reasons for discounting Plaintiff's testimony. Tr. 594-95. Accordingly, the ALJ could consider the lack of objective medical evidence supporting Plaintiff's testimony.

**3. Inconsistent Testimony**

[3] 12 Attorneys Textbook of Medicine ¶ 94.60 (3d ed. 2026).

The ALJ also noted some inconsistencies between Plaintiff's testimony and the medical record. Tr. 594. Despite testifying that his doctors recommended a full right knee replacement surgery, the record indicates Plaintiff's providers recommended against this surgery in favor of an arthroscopic procedure. *Id.* (citing Tr. 866-68). Plaintiff also testified he had problems with his legs giving out on him, but the ALJ discounted these statements because the record did not reflect such issues, nor did Plaintiff report problems with falls or using an assistive device. Tr. 52, 594. Several treatment notes indicate Plaintiff did not have complaints of instability or issues with his knee giving out on him. Tr. 432, 545, 866. Contradictions between hearing testimony and the medical record are a clear and convincing reason to reject claimant testimony. *Carmickle*, 533 F.3d at 1161; *Smartt,* 53 F.4th at 497 ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."). The ALJ reasonably found such contradictions undermined Plaintiff's testimony.

**4. Absence of Positive Signs of Chronic Pain**

The ALJ discounted Plaintiff's testimony because the record did not contain significant positive signs of chronic pain such as muscle atrophy; valid neurologic deficits such as reflex, motor, or sensory loss; valid positive straight leg raising tests; bowel or bladder dysfunction of neurologic origin; or inflammatory signs such as heat, redness, swelling, or synovitis. Tr. 595. The Ninth Circuit has cautioned against rejecting testimony for this reason in cases of chronic pain, as "pain cannot be objectively verified or measured" and "the very existence of pain is a completely subjective phenomenon." *Fair v. Bowen,* 885 F.2d 597, 601 (9th Cir. 1989). Further, the ALJ's findings are not supported by substantial evidence, as the record does contain signs of chronic pain such as guarded posture, tenderness to palpation, crepitation, swelling, and

decreased range of motion. *See, e.g.*, Tr. 435, 512, 524, 866, 877, 989. Accordingly, this was not a clear and convincing reason to reject Plaintiff's testimony.

**5. Conservative Treatment**

The ALJ rejected Plaintiff's testimony as to his limitations stemming from his lumbar spine impairment because the record did not show any provider recommended anything but conservative treatment including epidural steroid injections (ESIs), physical therapy, NSAIDs, opioid pain medications, and muscle relaxers. Tr. 595. Plaintiff argues without elaboration that conservative treatment is not inconsistent with his testimony. Dkt. 16 at 11. But it is well settled that an ALJ may discount a claimant's testimony based on evidence of conservative treatment. *Parra v. Astrue,* 481 F.3d 742, 750-51 (9th Cir. 2007).

That said, some of the treatments noted by the ALJ are not conservative, specifically, spinal injections and opioid pain medications. *See Garrison v. Colvin,* 759 F.3d 995, 1015 n.20 (9th Cir. 2014) (expressing "doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment"); *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010) (criticizing an ALJ for characterizing treatment as conservative where treatment included narcotic pain medication and trigger point injections); *O'Connor v. Berryhill,* 355 F.Supp.3d 972, 985 (W.D. Wash. 2019) ("pain treatment with opioid analgesics generally is not considered conservative.").

Plaintiff also argues his treatment was not conservative, because Dr. Musleh recommended an ESI and "a laminoforaminotomy, possible microdiscectomy at some point if he fails a steroid injection." Dkt. 16 at 11 (citing Tr. 508). But Dr. Musleh stated they could *consider* such procedures *if* Plaintiff failed the steroid injections. Tr. 508. And as the ALJ points out, Plaintiff never followed through with the lumbar ESIs, despite his report that cervical ESIs

worked "very well." Tr. 595. Plaintiff also declined Dr. McCreight's offer to send him to a specialist. *Id.* An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment can be a basis to discount a claimant's symptom testimony. *Fair,* 885 F.2d at 603. As Plaintiff reported success with cervical ESIs, and had insurance coverage at the time lumbar ESIs were recommended, it was reasonable for the ALJ to conclude that his failure to follow through with this treatment undermined his testimony.

**6. Motivation to Work and Perceived Ability**

The ALJ also found Plaintiff's testimony was undermined by evidence suggesting a lack of motivation to work. Tr. 595. The ALJ noted in 2024, Plaintiff's primary care provider Dr. Belous stated Plaintiff appeared to lack motivation. *Id.* (citing Tr. 988). Dr. McCreight, another treating provider, recommended in 2019 that Plaintiff seek job retraining or some form of employment that was less demanding than his past work. *Id.* (citing Tr. 516). The ALJ also noted Plaintiff's 2022 hearing testimony indicated Plaintiff himself believed he was physically and cognitively capable of performing work that was less demanding than his past relevant work. *Id.* A showing of "little propensity to work" may be considered as a factor which negatively affects a claimant's credibility. *Thomas,* 278 F.3d at 959; *see also Tommasetti v. Astrue,* 533 F.3d 1035, 1040 (9th Cir. 2008) (finding lack of motivation to work is a sufficient reason to discount claimant testimony).

The ALJ also questioned the credibility of Plaintiff's testimony about his limitations, as he noted that in December 2014, Plaintiff's work hardening provider stated Plaintiff's perceived ability was not consistent with his demonstrated ability. Tr. 595 (citing Tr. 1046). The work hardening provider stated "[w]hile [Plaintiff's] subjective report can still be used to some degree as an indicator of present abilities, emphasis should also be placed on their demonstrated

tolerances for an indicator of present abilities." Tr. 1046. An ALJ may reject testimony about a claimant's limitations where the claimant is not "a precise judge of his own capacities." *Tommasetti,* 533 F.3d at 1040. Plaintiff's rating of perceived capacity corresponded to the Department of Labor's sub-sedentary range of physical demand characteristics, but Plaintiff performed at the full light level, with portions into the medium level during his evaluation. Tr. 1046. The ALJ reasonably gave less weight to Plaintiff's testimony on this basis.

Although some of the ALJ's reasons for rejecting Plaintiff's testimony were erroneous, he has provided other valid reasons supported by substantial evidence. Accordingly, such errors were harmless. *Carmickle,* 533 F.3d at 1162-63 (finding errors in discounting testimony harmless where "the ALJ's decision remain[ed] legally valid, despite such error[s].").

**C. Residual Functional Capacity and Step Five**

Plaintiff argues the ALJ's RFC assessment and subsequent findings at step five are legally erroneous and not supported by substantial evidence. Dkt. 16 at 16. Plaintiff's argument is derivative of his other arguments and accordingly fails for the same reasons.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 24th day of September, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge